JAY KRULEWITCH
2611 N.E 113th Street Suite 300
Seattle, WA 98125
(206) 233-0828

JEFFRY K. FINER
KSB LITIGATION, P.S.
510 W. Riverside Ave., #300
Spokane, WA 99201
(509) 624-8988

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

ESTATE of DEAN FUNABIKI, by and through personal representative, RUTH FUNABIKI, ABBY FUNABIKI, and EMILY FUNABIKI

　　　　Plaintiffs,

vs.

COUNTY OF WHITMAN; JOHN DOE 1, in his or her representative capacity; and DOES 4-5, in their personal capacities,

　　　　Defendants.

No.: _____

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff Ruch Funabiki as personal representative for the Estate of Dean Funabiki, and Ruth Funabiki on her own behalf, Abby Funabiki, and Emily Funabiki, by and through their attorneys of record Jay Krulewitch of Jay H.

COMPAINT FOR DAMAGES • Page 1

Hrlewitch, Attorney at Law, and Jeffry K. Finer of KSB Litigation, allege as follows:

## I.   PARTIES

1. At all relevant times, the Estate of Dean Funabiki's appointed Personal Representative Ruth Funabiki was and is a resident of Whitman County, State of Washington, and was properly appointed as the personal representative pursuant to the Order of the Whitman County Superior Court.

2. At all relevant times, Plaintiff Ruth Funabiki was and is a resident of Whitman County, State of Washington and was the wife of Dean Funabiki and a beneficiary of the Estate.

3. Plaintiff Abby Funabili was and is a resident of the State of Oregon and was the daughter of Dean Funabiki and a beneficiary of the Estate.

4. Plaintiff Emily Funabiki was and is a resident of the State of Oregon and was the daughter of Dean Funabiki and a beneficiary of the Estate.

5. At all relevant times, County of Whitman was and is a County in the State of Washington, operating under color of law Whitman County's Detention Services and the Whitman County Jail located in Colfax, Washington.

6. At all relevant times, John Doe 1 was the policy maker for the Whitman County Jail as is believed to have been and currently is a resident of Whitman

County. John Doe 1 acted under color of law is sued in his personal and representative capacity.

7. At all relevant times, John Does 2-5 were employed at the County Jail for Whitman County, located in Colfax, Washington, acted under color of law and are sued in their personal capacities.

## II.   Jurisdiction

9. All acts complained of occurred in the Eastern District of Washington.

10. Venue is proper in the United States District Court for the Eastern District of Washington.

11. Jurisdiction is proper in the United States District Court pursuant to Title 42, United States Code § 1988; Title 28 USC § 1331; and 28 USC § 1343(a)(3). This court has personal and subject matter jurisdiction.

12. Supplemental jurisdiction for state-based claims will be sought upon the expiration of the requuisite time period for the presentation of non-judicial claims upon the County of Whitman. Plaintiffs negligence claims have been presented in non-judicial form but the requisite time period has not yet elapsed.

## III.   Facts

13. On Friday, February 16, 2018, Dean Funabiki surrendered by pre-arrangement to the Pullman Police for transfer to the Whitman County Jail ("Jail") for pretrial detention.

14. Upon his appearance at the Jail he was booked into custody.

15. The Jail was aware that Dean Funabiki had no criminal history and had recently turned 67 years of age.

16. The Jail was aware that Dean Funabiki was being held on a serious felony charge and that he would not be personally brought before a judge sooner than Tuesday February 20, the 19th of February being a state holiday.

17. The Jail was aware that Dean Funabiki presented multiple risk factors placing him in jeopardy of harm, including but not limited to self-harm, due to his age, criminal history, prominent position in the community, and the nature of the charge.

18. Notwithstanding the Jail's knowledge, and its known duty to protect and keep safe its detainees, Dean Funabiki was not supervised nor put onto sucide watch despite his known risk factors, he was put into the general population.

19. In reckless disregard of the risks presented by the detainee, the Jail and at this time unknown Jail personnel permitted Dean Funabiki to inflict upon himself during the evening of February 18, mortal harm resulting in his death the following day on February 19, 2018.

20. Dean Funabiki was given the time and isolation needed to fashion a ligature from his bedsheet and to hang himself from the unoccupied upper bunk.

21.  The nature of Dean Funabiki's death, including his suicide note, evidence a state of mind and planning which eliminate any chance that Dean Funabiki died by misadventure, chance, or accident. His clear purpose was to commit suicide, and his act included a lucid written statement found afterwards in his cell.

22.  The Jail's reliance on routine rounds, its failure to initiate additional rounds or to remove items from Dean Funabiki's cell which would be obvious means for him to engage in self-harm, all despite the warning signs evident from the prisoner's circumstance, constitute a failure to protect Dean Funabiki as required under state and federal law.

### III.    Claims

**First Claim – Title 42 United States Code § 1983, Deliberate Indifference**

Plaintiffs incorporate by reference the above facts as if fully asserted below.

23.  All Defendants acted under color of law and each defendant is a person within the meaning of 42 United States Code, section 1983.

24.  Defendants Whitman County and Doe 1 owed a duty of care to their detainee Dean Funabiki to train and supervise their employees, and to enact and enforce proper policies, procedures, and practices to prevent harm to Dean Funabiki under the Fourteenth Amendment.

25.  Defendants Whitman County and Doe 1 deliberately indifferent to the substantial risk that the County's policies, practices, procedures, and training were

inadequate to prevent violation of detainees' rights under the Fourteenth Amendment and the known and obvious consequences, including death, from its failure to train and its failure to enact and enforce proper policies, practices, and procedures to prevent harm to detainees, which violation of rights was the direct and proximate cause of the death of Dean Funabiki as well as the resulting harm to his Estate and to Plaintiffs Ruth Funabiki, Abby Funabiki, and Emily Funabiki, thus depriving each Plaintiff of their rights under the Fourteenth Amendment.

26. Does 2 through 5 deprived Plaintiffs' of their rights under 42 United States Code section 1983, and to be free of intentional, reckless and/or deliberate indifference to the safety and life of Dean Funabiki while he was detained at the Whitman County Jail.

27. As a direct and proximate cause of the Defendants Doe 2 through 5's intentional, reckless, or deliberate indifference to the duties owed to detainees, including their reckless disregard of known risks of harm to detainees, Dean Funabiki suffered severe mental and physical pain as well as injuries resulting in death.

28. Plaintiffs include the Estate of Dean Funabiki, his widow Ruth Funabiki, and his two children Abby and Emily Funabiki (together, "Plaintiffs"), who together seek recovery for damages jointly and severally against the Defendants in an amount to be proven at the time of trial.

29. Plaintiffs will seek to amend this complaint with their state-based claims upon the expiration of the requisite tort-claim's 60-day bar against suit unless that claim has been fully satisfied as to all parties.

### V. Relief

Plaintiffs make the following prayer for relief:

1. For a judgment of general and special damages for each Plaintiff in an amount to be proven at the time of trial, including the following:

2. Damages to the Estate for loss of income;

3. Damages to the Estate for the pain and suffering preceding and occasioning the death of Dean Funabiki and other related damages as provided by law;

4. Damages to Dean Funabiki's spouse for mental distress wife and loss of consortium, support, affection, and other related damages as provided by law

5. Damages for Dean Funabiki's children, including their loss of love, care, affection, companionship, past and future, occasioned by Dean Funabiki's death and other related damages as allowed by law;

6. For funeral and burial expenses;

7. An award of reasonable attorneys' fees and costs for each Plaintiff as provided by law;

8. For punitive damages sufficient to punish Defendants Doe 1 through 5 and for their wrongdoing and to deter future conduct;

9. For pre-judgment and post-judgment interest;

10. For such other and further relief as the Court deems just and proper.

DATED this 17th day of February 2021.

**JAY KRULEWITCH**

By: s/ *Jay Krulewitch*
JAY KRULEWITCH, WSBA No. 17612
Attorney for Plaintiffs
2611 N.E 113th Street Suite 300
Seattle, WA 98125
(206) 233-0828

**KSB LITIGATION, P.S.**

By: s/ *Jeffry K. Finer*
JEFFRY K. FINER, WSBA No. 14610
Attorney for Plaintiffs
510 W. Riverside Ave., #300
Spokane, WA 99201
Asst: (509) 666-2835 • Cell: (509) 981-8960
jfiner@KSBlit.legal